# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>DAVID JOEL QUINONES-RIOS,<br><br>                  Defendant. | Case No. 20-CR-30-2-JPS<br><br>**ORDER** |

## 1.    INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 5, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* Part B of Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the

"Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to these portions of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited June 5, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In February 2024, Defendant David Joel Quinones-Rios ("Defendant") moved for a sentence reduction under Amendment 821. ECF No. 1164. Defendant cites both the Status Point Amendment and the Zero-Point Offender Amendment. *Id.* at 3. However, it appears that he only seeks relief under the Zero-Point Offender Amendment. *Id.* at 4 (arguing that Defendant is entitled to a sentence reduction because "[h]e has zero criminal history points").

**2. LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary adds that such a circumstance may arise "because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 app. note 1(A).

Defendant is not eligible for a reduced term of imprisonment under the Status Point Amendment because he did not receive any status points. ECF No. 695 at 14. However, Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Zero-Point Offender Amendment. *Id.* Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821 because Defendant was subject to, and received as to his sole count of conviction, a mandatory minimum term of imprisonment. ECF No. 698 at 2; ECF No. 699 at 1.

Accordingly, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821, ECF No. 1164, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Page 3 of 4
Case 2:20-cr-00030-JPS    Filed 06/05/24    Page 3 of 4    Document 1173

Accordingly,

**IT IS ORDERED** that Defendant David Joel Quinones-Rios's motion to reduce his sentence under Amendment 821, ECF No. 1164, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge